PROVOSTY, J.
The special act of the Legislature incorporating the city of Bogalusa included the village of Richardsontown within the city liinits, and abolished its charter. Act 14, p. 15, of 1914, sections 1 and 60. “With the consent of the inhabitants of said village,” says the act. Whether at that time the village was a going municipality in the sense of having a set of officials for the administration of its affairs, or, in other words, whether its charter was being used, or, indeed, had ever been used, does not appear.
The accused was prosecuted before the city court for violation of Act 211, p. 403, of 1914, against the sale of near beer containing more than 2 per cent, alcohol.
He challenged by plea the constitutionality of the incorporation of the city, and, incidentally, the jurisdiction of the court. His plea was overruled, he was convicted, and has appealed.
He contends that the section of the said city charter abolishing the charter of the village; of Richardsontown is unconstitutional, and that its unconstitutionality entails that of the; entire charter, for the reason that we are not to suppose that the Legislature would have been willing to adopt this charter unless it could at the same time abolish that of the village, as, otherwise, the anomalous situation would be brought about of a dual municipal government.
The said section abolishing the charter of the village is unconstitutional, he contends, because the abolition of the charter of a town is a matter of local concern, and, it not being one of those enumerated in article 48 of the Constitution, could be validly legislated upon only after previous notice of the intention to do so had been published as required by article 50 of the Constitution; and the enaction of said section was not preceded by such publication.
No doubt the abolishing of the charter of a town is a local object, and is not one of those enumerated in article 48, and therefore legislation upon it would, under article 50, have to be preceded by publication: but whether the Legislature would not have been willing to adopt said charter, even though advised of the nullity of the said section abolishing the village, is at best doubtful, and a statute will not be pronounced unconstitutional in mere doubt.
However, we will not rest our decision on *454 that rather vague foundation, but solidly on the validity of said section, and this validity we deduce as follows:
In a statute organizing the government ol a city many matters of purely local concern have necessarily to be dealt with. Eor instance, let us suppose that the condition of certain parts of the territory to be embraced within the city is such as to require special treatment by drainage, or grading, or otherwise, and that the expense of such work would inure specially to the benefit of these parts; it would not seem that there could be any question but that there could be validly included in the city charter, without the previous publication required by article 50, special provisions affecting these parts thus to be "treated and not affecting the other parts of the territory of the city. Again, let us suppose that the condition of certain territory was such as to make it advisable that in the public interest the area should be constituted into a city, but that it was already organized into half a dozen or more villages or towns; would not the unlimited and unrestricted authority of the Legislature to organize cities carry with it the authority to abolish the charters of all these villages and towns and put the entire territory under one single government, without previous publication? It seems to us that the unrestricted authority to organize a city wherever and whenever the public interest may require would carry with it the authority to adopt all such legislation as might be necessary for carrying that purpose into effect, even though bearing upon an object purely local in character, such as could not under article 50 be separately legislated upon without previous publication. As further illustration, let us suppose that a town attains the population required for a city, and that a new charter is needed; could not the Legislature validly enact this charter, and, as an incident thereto, abolish the town charter without the necessity of previous publication. We think that to hold the contrary would be to place upon article 50 a construction never intended.
The charter of the city of Bogalusa is therefore held to be valid in its entirety.
Judgment affirmed.
See dissenting opinion of O’NIELL, J., 71 South. 764, in which MONROE, O. J., concurs.