OVERTON, Justice.
 

 This suit is one to recover from the Whitehead Motor Company, Inc., licenses and balances of licenses alleged to be due the state, as operator of a repair garage, and as a retail dealer of merchandise.
 

 As relates to the repair garage, the contention of the state is that defendant’s license for 1931 has not been paid, that a sufficient amount has not been paid for 1932, and that no license has been paid for 1933. As relates to the business of retail dealer, the state contends that defendant paid too small a license for 1931, that it paid the proper license for 1932, and that the license for 1933 is due and unpaid.
 

 Judgment for the amount claimed by the state with penalties and attorney’s fees was asked and that defendant be ordered to cease conducting both businesses was likewise demanded.
 

 The parties to this suit prepared a joint statement of the facts and of their contentions to be used on the trial of the case. This statement sets forth the record of sales and receipts for the years involved. It states that defendant tendered to plaintiff the
 
 *224
 
 amount defendant claimed was due, including penalties, attorney’s fees, and accrued court costs, for the year 1933, hut that plaintiff refused to accept the tender. The statement also sets forth the contentions of the parties litigant, as follows:
 

 “Defendant contends that the passage of Act 190 of 1932 repealed Act 205 of 1924 and the acts amendatory thereof, and that, therefore, the only license tax which can be legally collected from the defendant are those for the year 1933, since this present suit was filed in November, 1933, subsequent to the repeal of said Act 205 of 1924, as amended.
 

 “Plaintiff contends that the passage of Act 190 of 1932 repealed only those laws or parts of laws in conflict or inconsistent therewith, that the effect of Act 190 of 1932 is to continue in force the provisions of Act 205 of 1924, as amended, the latter Act of 1932 having been passed to correct technical errors in the former only, and that, in any event the right of the state to collect taxes which came due while Act 205 of 1924 was in effect is a vested right which could not be and was not divested by the repeal of Act 205 of 1924 if the same were repealed in toto.
 

 “Defendant further contends that even if said Act 205 of 1924 was not repealed and even if the taxes which accrued under the act can be legally collected, that defendant is entitled to pay such licenses upon the basis of the actual sales or receipts for the year for which the license is charged, namely, that the tax for the years 1931, 1932, and 1933 should be based upon the sales and receipts for those years.
 

 “Plaintiff contends that the defendant’s license should be paid upon the basis of the sales and receipts for the year immediately preceding those for which the licenses are claimed to be due.”
 

 There was judgment below in favor of plaintiff for the amount sued for, and defendant has appealed. If plaintiff’s theory of the law is correct, the judgment rendered is correct. There is no dispute as to the facts, but only as to the law applicable.
 

 In the outset of its argument, defendant asks the question, “Has the Act of 1924 been repealed? ”
 

 Our answer is, “No.” The repealing clause of the Act of 1932 is: “That all laws or parts of laws' in conflict or inconsistent herewith, except Act 70 of 1928 and Act No. 130 of 1924, and Act No. 158 of 1916, as amended by Act No. 11 of 1922, be and the same are hereby repealed.” There is nothing in Act No. 205 of 1924 inconsistent with or in conflict with Act No. 190 of 1932. Act No. 205 of 1924 is not even mentioned in Act No. 190 of 1932. The two acts are distinct, and relate to licenses levied for different years — the act of 1924 for the years 1925 and subsequent years, and the act of 1932 for the years 1933 and subsequent years. Both acts relate to licenses accruing' in future years and not to those already accrued. Section 2 of Act No. 205 of 1924; section 2 of Act No. 190 of 1932.
 

 Defendant, however, urges that, as the subject-matter of Act No. 205 of 1924 is covered by Act No. 190 of 1932, the former is repealed by implication. The trouble concerning this contention, as we have shown, is that the subject-matter of the two acts is not the same, for the act of 1924 relates to licenses accruing from January, 1925, on, and the act
 
 *226
 
 of 1932 to licenses accruing from January, 1933, on — entirely different years.
 

 Our conclusion, therefore, is that Act No. 295 of 1921 has not been repealed, but still remains in force as to all licenses accruing thereunder. City of New Orleans v. Day, 29 La. Ann. 416.
 

 Defendant’s contention that the licenses for each year should be based on the sales and receipts of the year for which the license is exacted has no foundation in law. Such a construction would tend to the utmost confusion. It would tend to destroy the uniformity of license taxation. It would work an unjust discrimination upon those who paid their licenses promptly at the beginning of the year, or it would call for an adjustment and refund of licenses to those who discovered at the end of the year that they had paid a higher license than the amount of their sales and receipts called for, and it would also result in an unjust loss to the state.
 

 The Legislature, however, has not left the basis for collecting licenses to conjecture. Section 31 of Act No. 205 of 1924 provides:
 

 “'That the annual receipts, capital, sales, premiums, commissions and earnings in this Act referred to as a basis of license, are those for the year for which the license is granted; the standard for their estimation shall be prima facie of the preceding year if the business has been conducted previously by the same party or parties to whom they claim to be successors. If the firm or company be new, the amount of gross sales for the first two months shall be considered the basis, and six times that amount shall be estimated as the annual receipts of such business; provided, that any person commencing business after the first of July, peddlers, hawkers, and traveling shows excepted, shall pay one-half of the above rates.”
 

 Section 45 of Act No. 190 of 1932 may be said to be, without a change in substance, virtually verbatim the same as section 31, just quoted, of Act No. 205 of 1924.
 

 The two sections are too clear to require Interpretation, so far as relates to any ques-. tion raised in this case. The rule therefore is, as adopted by the tax collector, that the basis for the license is the gross receipts for the preceding year when the business was conducted for that year, but, when the business is a new one, it is six times the gross receipts for the first two months of the business.
 

 It would therefore seem that the state is correct in its construction'and application of the law, and that defendant’s is erroneous. As there is no question of fact raised, under our interpretation of the law, the judgment is correct, and should remain undisturbed. It may be observed that the tender made by defendant to the state for the license of 1933, which accrued under the act of 1932 rests on an erroneous basis, having been based on the gross receipts for 1933, was not a valid tender. It was insufficient.
 

 The judgment is affirmed.