174 So. 352

# STATE v. CUSIMANO.

## No. 34057.

April 26, 1937.

Hugh M. Wilkinson, of New Orleans, for appellant.

Charles J. Rivet, of New Orleans, for the State.

ROGERS, Justice.

The State of Louisiana, through its supervisor of public accounts sued Frank J. Cusimano for the balance due on a license which he procured for engaging in the business described in section 1 (a) of Act No. 24 of the Third Extra Session of 1935. Defendant made no denial of the facts alleged by the plaintiff. His only defense to the suit was that Act No. 24 of the Third Extra Session of 1935, on which it is predicated, is unconstitutional. The court below overruled the plea of unconstitutionality and on the merits rendered judgment for plaintiff. From that judgment defendant has appealed.

In this court defendant has filed a plea in bar and a motion to dismiss. plaintiff's demand. The plea and motion allege that the statute on which the suit is based was repealed by Act No. 338 of 1936, leaving the State without any right to prosecute the suit and collect the tax claimed.

We find no merit in the plea in bar and motion to dismiss. The license tax herein claimed became due August 31, 1935. The statute permitted its payment in three installments falling due August 31, and December 31, 1935, and April 30, 1936. Defendant paid the first installment, but neglected to pay the second and third installments. The judgment appealed from is for the amount due on the past-due installments. There is nothing in Act No. 338 of 1936 which can possibly be construed as depriving the State of the right to collect the amount of the delinquent installments.

Act No. 338 of 1936 is a special law which amends certain provisions of the charter of the city of New Orleans. Section 1 (f) grants the city the right to levy, impose and collect all taxes, licenses and fees necessary for the proper operation and maintenance of the municipality. The third paragraph of section 37 (as re-enacted), page 827, directs the commission council at its first meeting in December,

1936, to impose a license tax which shall be due and payable during the month of January, 1937.

The repealing clause of Act No. 338 of 1936 is: "That all laws and parts of laws in conflict herewith be and the same are hereby repealed." The right of the State to collect a license tax which became due in August, 1935, is not in conflict with the provisions of a statute which authorizes the imposing by the city of New Orleans of a license tax in December, 1936, collectible in January, 1937. See State v. Whitehead Motor Co., Inc., 180 La. 221, 156 So. 228.

Act No. 24 of the Third Extra Session of 1935 levies an additional license tax on all persons, firms and corporations engaged in the parish of Orleans in the business of selling, handling, storing, distributing, etc., liquor; and in section 1 (a) the statute provides that those engaged in the business of selling at retail for consumption of liquor on the premises, shall pay an annual license tax of $500 for each place of business.

Defendant pleads that the statute is unconstitutional, because: It is a special and local law and fails to show that notice of intention to pass the law was published for 30 days prior to its introduction as required by section 6 of article 4 of the Constitution; it violates the provision of section 5 of article 4 of the Constitution, prohibiting the indirect enactment of special or local laws by the repeal of a general law; it violates the uniformity clause of section 1 of article 10 of the Constitution, as amended in 1926; it is an attempt to indirectly amend by a special or local law

the charter of the city of New Orleans, having over 2500 inhabitants, without so stating, in violation of section 4 of article 4 of the Constitution; and, lastly, it is a special or local law, limited to the city of New Orleans alone, and, as such, is violative of section 8 of article 10 of the Constitution, which provides that the Legislature shall have power to levy a general license tax throughout the State. We shall discuss and dispose of defendant's contentions in the order of their statement.

■ 1. Publication of notice of intention to apply for the passage of the statute was unnecessary. The intention to apply alluded to in the constitutional provision means only that of private individuals seeking some private advantage or advancement for the benefit of private persons or property within a certain locality. Davidson v. Houston, 35 La.Ann. 492; State v. Dalon, 35 La.Ann. 1141, 1142; Excelsior Planting & Mfg. Co. v. Green, 39 La.Ann. 455, 1 So. 873.

■ The power of taxation vested in the Legislature by section 1 of article 10 of the Constitution, as amended in 1926, is unlimited, except where specifically restricted. Interstate Tax Bureau v. Conway, 180 La. 453, 156 So. 463.

It is impossible to suppose that the power to perform such duty should remain paralyzed until some private person at his own expense should see fit to prepare and publish for 30 days a notice stating the substance of the contemplated law. Even if some individual should conclude to act in the premises, non constat that the substance of the law contemplated by him would meet

the legislative idea of the proper law required; and thus a power expressly granted on motives of public policy, and without express subjection to the constitutional provision requiring publication of notice, might be indefinitely held in suspense, however essential to the public weal the Legislature might consider its exercise. See Davidson v. Houston, 35 La.Ann. 492.

■ The Governor is authorized by article 5, § 14, to convene the Legislature to legislate as to objects specially enumerated in his proclamation convening such extraordinary session. No contention is made by the defendant that the subject matter of the statute under attack was not one of the objects specially enumerated in the Governor's proclamation convening the Third Extra Session of 1935.

The power conferred on the Governor by the constitutional provision to convene the Legislature to legislate on designated subjects, and on the Legislature so to legislate, presupposes an urgent necessity for prompt action, and the exercise of such power is not controlled by the constitutional requirement that previous notice of the intention to enact permitted local or special laws shall be published for 30 days. State ex rel. v. Michel, 127 La. 685, 53 So. 926.

■ 2. No convincing argument is made and no pertinent authority is cited by defendant in support of his contention that the statute under attack violates the prohibition contained in section 5 of article 4 of the Constitution against the enactment of special or local laws by the repeal

of a general law. Act No. 24 of the Third Extra Session of 1935 does not indirectly enact a special or local law by the partial repeal of a special law. The statute is a plenary one. It is direct and not indirect legislation.

■ 3. The requirement of section 1 of article 10 of the Constitution that all taxes shall be uniform applies only to property taxes and not to license taxes. State ex rel. v. H. L. Hunt, 182 La. 1073, 162 So. 777, 103 A.L.R. 9.

■ 4. The constitutional prohibition as to the passage of any special or local law creating corporations, or amending, renewing, extending or explaining the charters thereof, is not applicable to the statute under review. The prohibition is itself restricted by the proviso that it shall not apply to municipal corporations having over 2500 inhabitants. It is not disputed, of course, that the city of New Orleans has a population of more than 2500 inhabitants.

■ 5. There is no language contained in section 8 of article 10 of the Constitution which sustains defendant's conclusions. Act No. 24 of the Third Extra Session of 1935 levies an additional license tax on those engaged in the parish of Orleans in the business of selling, handling, storing, distributing, manufacturing, distilling, blending or processing any malt, cereal, vinous, spirituous or other fluid, or solid capable of being converted into a fluid, suitable for human consumption and having an alcoholic content of more than 6 per cent. of alcohol by volume; the revenues derived therefrom are dedicated for the exercise and maintenance of functions

of the police power of the State in the parish of Orleans; and the license tax is imposed in lieu of any permit, charge, tax, license or excise imposed or levied by the municipality under its police power.

The Constitution of 1921, in article 10, § 1, as amended in 1926, provides the power of taxation shall be vested in the Legislature. And it is settled that it is not in the province of the court to inquire into the policy or wisdom of the Legislature in adopting a particular method of apportioning and collecting a tax. Lionel's Cigar Store v. McFarland, 162 La. 956, 111 So. 341; State ex rel. v. Charity Hospital, 182 La. 268, 161 So. 606. In addition it is fundamental that the Legislature has all the powers of legislation not specifically denied it by the Constitution. There being no restriction in the Constitution, the Legislature has full authority to enact legislation of this type. State ex rel. v. Charity Hospital, supra.

Defendant has failed to convince us of the unconstitutionality of the statute under review on any of the grounds urged by him.

For the reasons assigned, the plea in bar is overruled, the motion to dismiss plaintiff's demand is denied, and the judgment appealed from is affirmed at appellant's cost.

O'NIELL, Chief Justice (concurring).

The provisions of sections 4 and 6 of article 4 of the Constitution of 1921 were in articles 48 and 50, respectively, of the Constitution of 1898. My opinion once was that the court was mistaken in its original interpretation of these articles of the Constitution of 1898, in the case of State ex rel. Fortier v. Capdevielle, Mayor, et al., 104 La. 561, 29 So. 215; but the same interpretation has been given so many times, and with such deliberation, since that case was decided, that it ought to be accepted as the correct interpretation. State ex rel. Fortier v. Capdevielle, Mayor, et al., was decided in 1901, and was followed by Mulhaupt v. City of Shreveport, 126 La. 780, 52 So. 1023, which was decided the same way, in 1910. Then came State v. Landry, 139 La. 451, 71 So. 763, to the same effect, in 1916. I handed down a dissenting opinion in that case, which was concurred in by Chief Justice Monroe, but the three other members of the court, as then constituted, adhered to the two former decisions. I wrote a dissenting opinion on the subject again in Federal Land Bank v. John D. Nix, Jr., Enterprises, 166 La. 566, 117 So. 720, in 1928; but to no avail. Hence I yielded to the majority opinion on the subject, in State ex rel City of New Orleans et al v. Louisiana Tax Commission, 171 La. 211, 130 So. 46, 48, in 1930, where, even yet, some doubt was expressed about the correctness of the doctrine of the earlier cases "as an original proposition." Section 4 of article 4 of the Constitution enumerates the subjects on which the Legislature is forbidden to enact any local or special law. In the list of subjects which are proscribed is the creating of corporations, or amending, renewing, extending or explaining the charters thereof. In the paragraph on the subject of corporations, however, is a proviso that "this shall not apply to municipal corporations having a population of not less than twenty-five hundred inhabitants," etc. Therefore, the Legislature is not for-

bidden to enact a local or special law creating a corporation having a population of 2,500 or more, or amending, renewing, extending or explaining the charter of a municipal corporation of that size. But, in section 6 of this article of the Constitution, it is provided:

"No local or special law shall be passed on any subject not enumerated in Section 4 of this article, unless notice of the intention to apply therefor shall have been published," etc.

Hence, if the proposition were being presented now for the first time, I would see great force in the argument that the original meaning of these provisions in the Constitution was that the Legislature was forbidden to enact any local or special law on any of the subjects enumerated in what is now section 4 of article 4; and that, on any subject not enumerated in what is now section 4 of article 4, the Legislature might pass a local or special law, but only on compliance with what is now section 6 of that article of the Constitution. Municipal corporations having a population of 2,500 or more are not "enumerated" in section 4 of article 4, because they are in fact expressly excepted from the provisions of that section. If they were "enumerated" in section 4 the Legislature could not enact a local or special law creating a corporation of that size, or amending, renewing, extending or explaining the charter of such a corporation—even by complying with the provisions of section 6 of that article of the Constitution. However, I assume that the delegates in the Constitutional Convention of 1913 were aware of the interpretation which this court had given to articles 48 and 50 of the Constitution of 1898, in State ex rel. Fortier v. Capdevielle, Mayor, in 1901, and in Mulhaupt v. City of Shreveport, in 1910; and I assume that the delegates in the Convention of 1921 knew also of the decision that was rendered in State v. Landry, in 1916. Hence the two Constitutional Conventions must have approved of the court's interpretation of articles 48 and 50 of the Constitution of 1898, because these provisions were retained, without any change in that respect. Besides, it is not impossible for something that is originally wrong to become right by usage. For example, a manufacturer of timepieces would be an iconoclast if he should turn out a watch or a clock now with the hour IV appearing as it should have appeared on the dial of the first timepiece that was ever made; and yet it would be unpardonable to write the numeral IIII anywhere else but on the dial of a timepiece. Imagine, for example, article IIII, instead of article IV, of the Constitution. The error on the face of the timepiece is accepted as being right because it is something venerable. And so it should be with regard to a judicial pronouncement of many years standing, if it be harmless—even in a civil-law jurisdiction—where stare decisis is not overworked.