PONDER, Justice.
 

 This is an action brought by the Supervisor of Public Accounts in behalf of the State of Louisiana for the balance due by the defendant on a license for engaging in business as described in section 1(a) of Act No. 24 of the Third Extra Session of the Legislature of 1935.
 

 The defendant herein was ruled to show cause on June 26, 1936, at 11 o’clock a. m. why he should not be condemned to pay $333.33 with. 6 per cent per annum interest on said amount from August 31, 1935, until paid and 2 per cent, per month with additional interest on said amount from January 31, 1936, until paid, and 10 per cent, attorney’s fees on the amount of'the delinquent license, interest, and penalties; why the first lien and privilege of the State upon all the property of the defendant, both movable and immovable, should not be recognized and enforced; and why the defendant should not be ordered to cease from the further pursuit of the said business until after having paid the amount herein claimed.
 

 The contention of the State is that the license is fixed at $500 by Act No. 24 of the Third Extra Session of the Legislature of 1935 and that the defendant has paid one-third of that amount, leaving the balance due the State of $333.33, which should have been paid according to law in two equal installments on December 31, 1936, and April 30, 1936.
 

 The defendant filed an exception of no cause of action based on the ground that Act No. 24 of the Third Extra Session of the Legislature for the year 1935 is unconstitutional, null, void, and of no effect, because it is both a local and special law within the meaning of section 6, article 4, of the Constitution of Louisiana of 1921; that, being such a local and special law, Act No. 24 is violative of the Constitution in that the notice of intention to apply therefor, as required by section 6, of article 4, of the Constitution, was not published; and that there was no recital in Act No. 24 that such notice had been given either by publication or notice to the Legislature.
 

 The court after hearing the exception overruled it.
 

 The defendant filed answer to the rule averring that he had procured the license under paragraph (a) of section 1 of Act No. 24 to cover a business operated by the defendant at 2438 Orleans street, city of New Orleans; that he operated the business not exceeding 60 days, ending not later than October 1, 1935, at which time he abandoned the premises and the building; that he had paid one-third, $166.67, on the license applicable to the business at 2438 Orleans street; that he was conducting a retail business at 638 St. Peter street in the city of New Orleans; that he had paid a separate license in the sum of $500 on the business operated at St. Peter street; and that the defendant is authorized to continue the business and operate at 638 St. Peter street since the license has been paid in full for that place of business.
 

 The rule was tried and submitted and the court rendered judgment in favor of
 
 *587
 
 the State as prayed for. From which judgment the defendant prosecutes this appeal.
 

 From the arguments presented by both the counsel for the plaintiff and the counsel for the defendant and the briefs submitted by them, the only question presented for our determination is whether or not Act No. 24 of the Third Extra Session of the General Assembly of Louisiana for the year 1935 is violative of section 6, article 4, of the Constitution of Louisiana of 1921.
 

 This same question was presented to this court in the case of State v. Cusimano, decided on April 26, 1937, reported in 187 La. 269, 174 So. 352, wherein this court held that Act No. 24 did not violate section 6, article 4, of the Constitution of Louisiana of 1921. This court in that case reviewed the prior jurisprudence of this State in an exhaustive opinion and concluded that Act No. 24 was not violative of section 6, article 4, of the Constitution of 1921. After a careful review of the case of State v. Cusimano, supra, and the prior jurisprudence of this State, we are convinced that the decision rendered by this court in the case of State v. Cusimano, supra, is correct. Since we are of the opinion that the decision recently rendered in the case of State v. Cusimano, supra, is correct, there could be no necessity to again discuss in detail the jurisprudence of this State and to again restate our reasons for such conclusion.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.
 

 HIGGINS, J., takes no part.