PONDER, Justice.
 

 This is an appeal from a judgment condemning the defendant to pay the State of Louisiana, through its Collector of Revenue, $875.11, with interest and attorney’s fees.
 

 Alice Lee Grosjean, Collector of Revenue for Louisiana, instituted this suit against the El Rito Transportation Company for license taxes for the years 1935 to 1938, inclusive, under the provision of Act 26 of the Second Extra Session of 1935, as amended by Act 31 of the Fourth Extra Session of 1935. The defendant denied that it was liable for the tax, contending that the tax was for revenue only; that the Acts sued under were unconstitutional, null and void as violative of the Act of Congress of April 8, 1812, Section 1, 2 Stat. 701; that the Act sued under and the levy are violative of the Commerce Clause of the Federal Constitution, Art. 1, § 8, cl. 3, U.S.C.A., and the laws of Congress in pursuance thereof relevant to navigation, shipping, enrollment of vessels, and license for carrying on the coasting trade; and that Act 182 of 1938, amending Section 3 of said Act sued under, is interpretative, recognitive, and confirmative legislation whereby the defendant is and was excepted from the tax.
 

 From the agreed statement of facts, it appears that the defendant is a domestic
 
 *653
 
 corporation domiciled in the City of New Orleans, engaged exclusively in the business of boat or packet lines of transportation, transporting passengers, articles of commerce, products and merchandise for hire with its vessels, El Rito and Hercules, along and over the Mississippi River, from New Orleans to Burwood on the Gulf of Mexico, near the mouth of the Mississippi River, and points between New Orleans and Burwood, all situated in the State of Louisiana. Under the stipulated facts it is to be seen that the business conducted by the defendant was at points wholly within the State of Louisiana. The vessels were licensed and enrolled under the laws of the United States. It appears that eighty per cent of the defendant’s business began and terminated from points within the State and that twenty per cent of such business involved and was connected with interstate commerce. The defendant did not transport this twenty per cent beyond the borders of the State but it was transmitted by the defendant to other carriers who carried it beyond the borders of the State, or was received by the defendant from other carriers within thé State. The taxes levied were levied on the eighty per cent of defendant’s business which was wholly conducted within the borders of the State, consisting of intrastate shipments. The twenty per cent of the defendant’s business that involved intérstate shipments, etc., was excluded from the tax. The amount of the tax is not in dispute if the defendant is liable for the tax on the gross receipts of the defendant’s business that was wholly intrastate.
 

 Act 26 of the Second Extra Session of 1935 provides for a license tax on the operation of any public utility in the State, and Section 4 of the Act provides that the words “public utilities” shall mean boat or packet lines. The amount of the taxes for the privilege of engaging in such a business is fixed at
 
 2%
 
 on the gross receipts derived from the operation of the business within the State, etc.
 

 The defendant’s first contention, to the effect that the tax is solely for revenue, is admitted by the plaintiff. That issue is therefore eliminated. ¡
 

 The defendant’s second contention is that Act 26 and the tax levy are violative of the Act of Congress of April 8, 1812, Section 1, admitting Louisiana to the Union. It is • stated in the defendant’s brief, viz:
 

 “Under Art. 1, Sect. 8, Clause 18, and Art. 6, Clause 6 [2] of the Federal Constitution, U.S.C.A. prior to Louisiana statehood and during territorial government, by Act of Congress March 3, 1811, c. 46, Sect. 12, 2 Stat. 666, U.S.Rev.Stat. § 5251, 33 U.S. C.A. § 10, Congress ordained:
 

 “ ‘All the navigable rivers and waters in the former Territories of Orleans and Louisiana shall be and forever remain public highways.’
 

 “And by the Enabling Act and Admission into the Union, Act of Cong. Feb. 20, 1811, Sect. 3, approved February 20, 1811, 2 Stat. 642, Congress ordained: “ ‘that the river Mississippi and the navigable rivers and waters leading into the same or into the gulf of Mexico, shall be common high
 
 *655
 
 ways and for ever free, as well to the inhabitants of the said state [Louisiana] as to other citizens of the United States, without any tax, duty, impost or toll therefor, imposed by the said state.’
 

 “And by Act of Congress, April 8, 1812, Sect. 1, admitting Louisiana to the Union, such admission was made on the condition, accepted by the State:
 

 “‘Provided, that it shall be taken as a condition upon which the said state is incorporated into the Union, that the river Mississippi, and the navigable rivers and waters leading into the sa-me, and into the gulf of Mexico, shall be common highways, and for ever free, as well to the .inhabitants of said state as to the inhabitants of other states and the territories of the United States, without any tax, duty, impost or toll therefor, imposed by the said state; and that the above condition, and .also all the other conditions and terms contained in the third- section of the act, the title whereof is herein before recited, shall be considered, deemed and taken, fundamental conditions and terms, upon which the said state is incorporated in the Union.’ ”
 

 The defendant contends that transportation of passengers and freight by means of vessels necessarily includes navigation, and that vessels and navigable waters as instrumentalities of commerce are inseparable. The defendant contends that the tax is upon the right or privilege of using the Mississippi River and the Gulf of Mexico. In answer to this contention, the plaintiff claims that if the Act of Congress contains a condition with regard to the State of Louisiana which places it in a different situation from that of the original states it is absolutely null and void, and that the state upon its admission to the Union is upon an equal footing with every other state. There is no necessity for us to determine whether the Act of Congress is repugnant to the Constitution of the United States. The Act of Congress cited by the defendant states that the River, etc., shall be a common highway and free to the inhabitants of the states and territories of the United States without any tax, etc., therefor imposed by the state. The license tax imposed by the Act is not upon the right to use the River or navigable waters and does not interfere with, deter, impede, or obstruct the free use of such nor is it a tax on the vessels themselves. The tax is not upon the right to use the navigable waters but upon the right to engage in a business within the State of Louisiana, based on the gross receipts'after they have been reduced to possession.
 

 The defendant’s third contention is that Act 26 and the
 
 tax levy are violative
 
 of the Commerce Clause of the Federal Constitution and the laws of Congress passed in pursuance thereof relevant to navigation, shipping, enrollment of vessels, and license for carrying on the coasting trade. It is admitted that the Mississippi River is a navigable stream and that commerce includes navigation. It is conceded that Congress has the power to regulate navigation within the limits of a state but only in so far as that navigation is con
 
 *657
 
 nected with commerce with foreign nations, or among the several states, or with the Indian tribes. The defendant contends that the right or privilege in carrying on the coasting trade, being conferred by the federal laws, is supreme and strikes down all state laws in conflict thereto as a direct burden upon commerce which is interstate in character and upon the free navigation of the Mississippi River and the Gulf of Mexico. In support of this contention, the defendant cites Gibbons v. Ogden, 9 Wheat. 1, 213, 6 L.Ed. 23, and several other decisions.
 

 The defendant’s vessels never leave the State of Louisiana. The receipts upon which this tax is based are derived from the transportation of shipments which originate and terminate in the State of Louisiana. All interstate shipments are excluded in the computation of the tax. The shipments upon which this tax is based, being purely internal commerce or intrastate commerce, would be confined exclusively to the jurisdiction and territory of the State and do not affect other nations, states, or the Indian tribes, Lord v. Goodall, N. & P. S. S. Co., 102 U.S. 541, 26 L.Ed. 224.
 

 ■ The defendant contends that since the Act failed to provide for the separation of interstate and intrastate business it would be an indiscriminate application to instrumentalities common to both kinds of commerce.
 

 In the case of Pacific Tel. & Tel. Co. v. Tax Commission, 297 U.S. 403, 56 S.Ct. 522, 525, 80 L.Ed. 760, 105 A.L.R. 1, it is stated:
 

 “But no reason has been suggeested why a tax upon the local business should be held void, if, despite its burden, the local business is conducted at a profit; or if, although conducted at an apparent loss, the corporation desires to continue it because of benefits present or prospective. Compare Ohio Tax Cases, 232 U.S. 576, 590, 34 S.Ct. 372, 58 L.Ed. 737.
 

 “Second. Inherently the tax challenged is unobjectionable. It is not upon an instrumentality of interstate commerce; it is moderate in amount; and is not a disguised attempt to discriminate against interstate commerce. As the collection is being made by an action at law, the tax is not open to the objection raised in Western Union Telegraph Co. v. Massachusetts, 125 U.S, 530, 554, 8 S.Ct. 961, 31 L.Ed. 790, that payment may be made a condition of continuing to do business. Compare Underwood Typewriter Co. v. Chamberlain, 254 U.S. 113, 119, 41 S.Ct. 45, 65 L.Ed. 165. The tax is ‘imposed solely on account of the intrastate business’; and it appears that the amount exacted is not increased ‘because of the interstate business done.’ Compare East Ohio Gas Co. v. Tax Commission, 283 U.S. 465, 470, 51 S.Ct. 499, 500, 75 L.Ed. 1171. Although the two branches of the business of the companies are inseparable, the tax is not laid inseparably upon both. Thus it is not open to the objection held fatal in Leloup v. Mobile, 127 U.S. 640, 8 S.Ct. 1380, 32 L.Ed. 311, and Cooney v. Mountain States Telephone & Telegraph Co., 294 U.S. 384, 55 S.Ct. 477, 79 L.Ed. 934. ‘Certainly one
 
 *659
 
 cannot avoid a tax upon a taxable business by also engaging in a nontaxable business.’ Raley & Bros. v. Richardson, 264 U.S 157, 159, 44 S.Ct. 256, 257, 68 L.Ed. 615.
 

 “The distinction drawn by those cases between 'an occupation tax valid because laid only on local business and one void because laid inseparably upon the whole business is clearly shown in the discussion of the two classes of taxes involved in Bowman v. Continental Oil Co., 256 U.S. 642, 646, 647, 41 S.Ct. 606, 65 L. Ed. 1139. Taxes for the privilege of doing local business measured by the gross income of such business have frequently been laid upon concerns engaged in both intrastate and interstate business; and have, for half a century, been sustained without inquiry whether withdrawal from the local business would compel discontinuance of the interstate. That an occupation tax upon a foreign telegraph company measured by earnings from its local business is valid was indicated as early as Western Union Telegraph Co. v. Texas, 105 U.S. 460, 464, 465, 26 L.Ed. 1067; and was definitely held in Ratterman v. Western Union Telegraph Co., 127 U.S. 411, 8 S.Ct. 1127, 32 L.Ed. 229, which has been repeatedly cited with approval, in cases involving interstate railroads and telegraph companies. Similarly, in Southern Ry. Co. v. Watts, 260 U.S. 519, 529, 530, 43 S.Ct. 192, 67 L.Ed. 375, a so-called franchise tax for the privilege of doing intrastate business, measured by a percentage of the value of property subject also to an ad valorem tax, was sustained as against both foreign and domestic railroads.
 

 “No decision of this Court lends support to the proposition that an occupation tax upon local business, otherwise valid, must be held void merely because the local and interstate branches are for some reason inseparable.”
 

 The Act sued under herein does not provide for an injunction against further operation of the business if the tax is not paid and the payment of the tax is not a prerequisite of operation. Under the provisions of Section 11 of Act 26 of 1935, Second Extra Session, the collection of the tax is enforceable only by an action at law, arid judgments thereon are executed under existing laws.
 

 The defendant contends that the tax being based on the gross receipts is tantamount to a duty on tonnage in disguise. In support of this contention the defendant cites Mobile Trade Co. v. Lott, 12 Wall. 221, 20 L.Ed. 376, and other citations. The case which the defendant quotes from and mainly relies on in this contention is Mobile Trade Co. v. Lott, supra. In that case the vessel itself was taxed and it was contended that the tax was a tax on property. The case cited is not applicable because there was no tax imposed upon the vessels in the instant case. In the instant case it is the business that the defendant is engaged in that is taxed.
 

 The defendant’s fourth and last contention is that Act 182 of 1938 amending and reenacting Section 3 of Act 26, Second Extra Session of 1935, is interpretative, recognitive, and confirmative legislation
 
 *661
 
 whereby the defendant i's and was, at all times, excepted from the tax and the remedy for its collection, agreeably with and confirmatory of the other contentions advanced by the defendant.
 

 Section 3 of Act 26 provides:
 

 “That should Congress ever extend the power of the State to any subject matter covered by the provisions of this Act which are now exempt under the provisions of the Constitution of the United States, it is the intention of the Legislature that the provisions of this Act shall apply to any business thereby subjected by Congress to the power of the State.”
 

 Sections 1, 4 of Act 182 of 1938 provide:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That Section 3 of Act 26 of the Second Extraordinary Session of 1935, be, and the same is, hereby amended and re-enacted so as to read as follows:
 

 “Section 3. The provisions of this Act and the taxes collectible hereunder do not and shall not apply to or be levied against gross receipts derived from any business or operations conducted on navigable waters of the United States or within the admiralty jurisdiction of the United States, but should Congress ever extend the power of the State to any subject matter covered by the provisions of this Act which are now exempt under the provisions ■ of the Constitution of the United States, it is the intention of the Legislature that the provisions of this Act shall apply to any business thereby subjected by Congress to the power of the State.”
 

 “Section 4. That all laws or parts of laws in conflict with the provisions of this Act be, and the same are, hereby repealed.”
 

 The defendant contends that Section 3 of Act 26 recognized that there were certain transportation businesses that were subject to the paramount jurisdiction of the United States, that such businesses were excluded from the tax until Congress had renounced jurisdiction, and that when Section .3 was amended by Act 182 of 1938, it explicitly designated the businesses excluded, evidencing a legislative interpretation, recognition and confirmation, expressly indicating an exemption from the tax for the privilege of carrying on such business as the defendant is engaged in. The defendant argues that the subsequent legislation should be considered to assist in the interpretation of the prior legislation. Legislative exemption from taxation must be plainly and unmistakably granted. Doubt is fatal to the claim. City of New Orleans v. Heymann, 182 La. 738, 162 So. 582; State v. Union Bldg. Corp., 185 La. 598, 170 So. 7. In the absence of language showing clearly the intention that they have retroactive effect laws, whether constitutional or statutory, should be construed to operate prospectively. Paulsen v. Reinecke, 181 La. 917, 160 So. 629, 97 A.L.R. 1184. Such laws are never presumed to be retroactive. State v. Montgomery, 185 La. 777, 171 So. 28.
 

 • The defendant contends that the statute amended is to be understood in exactly the same sense as if it had read in
 
 *663
 
 the beginning as it does amended. The State concedes that in the subsequent administration of the law that the rule would apply. The defendant argues that the express repealing clause disavows jurisdiction over the subject matter and abrogates the remedy for the collection of the tax by suit, etc., thereby the remedy being legislatively taken away.
 

 The taxes sued for herein were due and owing prior to the enactment of Act 182 of 1938. The accrued taxes have not been remitted by the subsequent Act of the Legislature. There is no provision in Act 182 of 1938 that bars the State to collect taxes which had accrued prior thereto. State v. Cusimano, 187 La. 269, 174 So. 352. State v. Whitehead Motor Co., 180 La. 221, 156 So. 228.
 

 For the reasons assigned the judgment is affirmed at the appellant’s cost.
 

 HIGGINS, J., absent.