CLEMENTS *v.* STATE.

4493                             210 S. W. 2d 912

Opinion delivered May 10, 1948.

*Joe Clay Young* and *Denver Dudley,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McHANEY, Justice. Appellant was charged by information with the crime of murder in the first degree, for shooting and killing his wife, Mrs. Nell Clements, on December 25, 1946. He was convicted of murder in the first degree and sentenced to life imprisonment in the State Penitentiary. From the judgment and sentence he has appealed.

Only one question is argued for a reversal of the judgment, and that is the admissibility of the testimony of Dr. Kozberg, a psychiatrist of State Hospital and one of the physicians who examined appellant for sanity, and who testified that appellant was sane at the time of the shooting and at the time of trial. The testimony of this witness was given in rebuttal to testimony given by witnesses for appellant tending to show that, shortly before the killing, he appeared to be nervous, highly nervous, couldn't be still, "cried a good deal," and was disturbed as a result of his marital troubles,—an apparent attempt to establish a plea of temporary insanity or irresponsibility.

Trial occurred on November 24, 1947. Prior thereto, on August 1, 1947, the court made an order directing the sheriff to deliver appellant to the superintendent of the State Hospital for observation and examination, as provided by Initiated Act No. 3 of 1936 (Acts 1937, p. 1384). At that time appellant had not entered a plea of insanity, but the order recites that the prosecuting attorney appeared and "indicated to the court that the insanity of the defendant, Bill Clements, may be an issue in the trial of this cause, whereupon, the court, acting upon such information (and) of its own motion finds and directs as follows:"; then follows the order for the examination of appellant and a written report of his mental condition at the time of the offense.

The record does not show that appellant objected to being sent to the State Hospital for examination, or to

the examination there made. He did object and except to the testimony of Dr. Kozberg on the ground that he was compelled to give evidence against himself in violation of his constitutional rights under Art. 2, § 8, Ark. Constitution 1874, and Amendment 5, Constitution of the United States. We cannot agree with appellant in this contention.

Section 11 of Initiated Act No. 3, Acts 1937, p. 1384, provides that the circuit judge, in a criminal prosecution, "shall postpone all other proceedings in the cause and shall forthwith commit the defendant" to the State Hospital for observation, under these conditions: 1, where defense of insanity has been raised on behalf of the defendant and becomes an issue in the cause; or 2, 'the circuit judge has reason to believe that the defense of insanity will be raised on behalf of the defendant and will become an issue in the cause"; or 3, the judge believes there are reasonable grounds to believe that the defendant was insane at the time the crime was committed, or 4, has since become insane. No. 2 above fits this case, that is, the judge has reason to believe that the insanity defense would be raised, and his belief was justified as the trial so showed. The Act provides that the judge shall pursue the course here taken and he literally complied with the statute. This section provides further that such action shall not preclude the State or defendant from calling expert witnesses to testify at the trial who shall have free access to the defendant for observation and examination during the period of his commitment to the State Hospital for examination. We have had several cases in this court since the adoption of this Act arising under §§ 11 and 12, now §§ 3913 and 3914 of Pope's Digest, some of them being *Brockelhurst* v. *State,* 195 Ark. 67, 111 S. W. 2d 527; *Hall* v. *State,* 209 Ark. 180, 189 S. W. 2d 917; *West* v. *State,* 209 Ark. 691, 192 S. W. 2d 135, but the exact question now raised has not heretofore been presented so far as our investigation discloses. Appellant has cited *Bethel and Wallace* v. *State,* 178 Ark. 277, 10 S. W. 2d 370, where we held the admission of the testimony of a physician who examined appellants at the request of the sheriff's office, that they had a certain vene-

real disease, in a prosecution for rape, was prejudicial error under the above constitutional provisions. But this case arose long before the adoption of Initiated Act No. 3, and is not controlling here, and there is no showing of prejudice to appellant arising because he was sent prior to a special plea of not guilty because of insanity. The record does show that he refused to discuss his case with the physicians at the State Hospital and was uncoöperative because of the advice of counsel.

Appellant concedes that the State made a strong case against him and we think the one argument made cannot be sustained so the judgment must be and is affirmed.