[Civ. No. 24831. Second Dist., Div. Two. Sept. 23, 1960.]

JOHN WILLIAM McCAIN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Daniel G. Marshall for Petitioner.

William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Respondent.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioner seeks writ of prohibition to prevent respondent court from proceeding with a pending trial except to dismiss the information on file against him.

On March 25, 1960, defendant-petitioner was charged with the violation of section 288, Penal Code. On March 28, 1960, he was arraigned, pleaded not guilty and a jury trial was had on April 22, 1960, whereby he was convicted of such charge. On May 27, his motion for a new trial was granted and retrial was set for June 20.

On June 8, 1960, petitioner filed a "Notice of Motion for Order Permitting Pretrial Discovery and Inspection" in

---

*Assigned by Chairman of Judicial Council.

which he sought inspection of certain data in the hands of the prosecution and to hear any recordings of conversations or statements made to police officers by defendant.

On June 13, the People filed a "Motion for Order Permitting Pretrial Discovery and Inspection on Behalf of Plaintiff" in which, as a condition precedent to the granting of the foregoing motion of defendant, the latter be ordered to produce for inspection prior to trial any and all original notes or documents or writings which contain statements or portions of statements of witnesses or any tape recordings or writings by witnesses or any documents or photographs expected to be used as evidence in the trial, specifically excluding any document or memorandum which consists of a communication between the defendant and his attorney that is within the purview of the attorney-client privilege.

When the matter of the respective motions to permit pretrial discovery came on for hearing the court inquired of the petitioner's attorney as to whether the defendant had any objection to the granting of the People's motion in conjunction with the granting of defendant's motion. Petitioner's attorney responded: "I know of no authority whereby the plaintiff is entitled to pretrial inspection and discovery of the defendant's statements, reports, work." A continuance of several days was then requested in order that the matter be given further consideration. On June 16, 1960, the motions were again called for consideration by the court and in response to the court's inquiry, petitioner's attorney reported he had found no additional authorities and stated that the defendant was ready to submit to whatever orders the court made.

The court thereupon granted both orders for pretrial discovery, stating: "The motions will be granted upon a reciprocal contemporaneous basis." Defendant's attorney thereupon delivered an envelope containing certain material and the People handed their reciprocal material to defendant. The attorneys left the courtroom.

In the envelope so delivered by defendant the People received a document entitled "Interim Report" dated May 22, 1960, which purports to be a report from an investigator to defendant's attorney and five photographs depicting various parts of the church building wherein the offense is alleged in the information to have happened.

Later that day defendant's attorney returned to the courtroom and indicated to the court that there was a matter to

which he had forgotten to call attention, stating: "Will it be deemed that prior to the time your Honor made the order, that the defendant objected to the order made against him by your Honor, on the ground it would be violative of his constitutional guarantees as provided in the Fourth Amendment to the United States Constitution prohibiting unlawful searches and seizures; violative of the Fifth Amendment to the United States Constitution with respect to its provisions against self-incrimination and due process; violative of the Fourteenth Amendment to the United States Constitution; violative of article I, section 13 of the Constitution of the State of California with respect to its provisions against self-incrimination and due process of law; violative of section 688 of the Penal Code of the State of California. THE COURT: The record may so show."

On June 20, 1960, the case was again called for trial and defendant moved the court for a dismissal of said felony proceedings and for its order that he should not be prosecuted thereunder pursuant to section 1324, Penal Code, in that the order required him to produce certain evidence violating his constitutional guarantees and that having complied with said order to produce said evidence defendant could not be further prosecuted in said felony proceedings. Defendant's motion to dismiss was denied. The petition for writ of prohibition herein followed.

Return and answer in opposition to said petition have been filed by respondent court and the People and appearance has likewise been filed in opposition by the district attorney.

Petitioner relies upon section 1324, Penal Code, which so far as pertinent here provides substantially as follows: "In any felony proceeding . . . if a person refuses to . . . produce evidence . . . on the ground that he may be incriminated thereby, and if the district attorney . . . in writing requests the superior court . . . to order that person to . . . produce the evidence, a judge of the superior court shall set a time for hearing and order the person to appear before the court and show cause, if any, why the . . . evidence [should not be] produced, and the court shall order . . . the evidence produced unless it finds that to do so would be clearly contrary to the public interest, or could subject the witness to a criminal prosecution in another jurisdiction, and that person shall comply with the order. After complying, and if, but for this section, he would have been privileged to withhold . . . the evidence produced by him, that person shall not be

prosecuted or subjected to penalty or forfeiture for or on account of any fact or act concerning which, in accordance with the order, he was required to . . . produce evidence. But he may nevertheless be prosecuted or subjected to penalty or forfeiture for any perjury, false swearing or contempt committed in . . . producing, or failing to produce, evidence in accordance with the order.''

■■ Respondent and People contend, on several grounds, that there was no violation of petitioner's privilege against self-incrimination. The following ground appears decisive. Neither petitioner nor his counsel claimed the privilege prior to the time the trial court granted both motions on a ''reciprocal contemporaneous basis'' and in fact have waived any claim of privilege by stating: ''The defendant is here and ready to submit to whatever orders your Honor makes.'' Following the order of the court granting the motions of both defendant and the People, defendant, through his attorney, complied and voluntarily handed over the material in question without making any objection to the ruling or to compliance therewith. The subsequent attempt of defendant's attorney to register his objections to the granting of the People's motion came too late to be effective for the order had already been executed.

■ The writ of prohibition is an appropriate remedy to arrest the proceedings of a court when there is not a plain, speedy and adequate remedy in the ordinary course of the law, and when the proceedings of the court are without or in excess of its jurisdiction as that term is used in relation to prohibition. (Code Civ. Proc., §§ 1102, 1103; *Hagan* v. *Superior Court,* 53 Cal.2d 498, 501 [2 Cal.Rptr. 288, 348 P.2d 896]; *City & County of San Francisco* v. *Superior Court,* 53 Cal.2d 236, 243 [1 Cal.Rptr. 158, 347 P.2d 294].)

■ In denying petitioner's motion to dismiss the information on file against him the trial court acted within and not in excess of its jurisdiction. For the reasons herein stated the peremptory writ of prohibition is denied and the alternative writ of prohibition heretofore issued herein is discharged.

Fox, P. J., and Ashburn, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 16, 1960.