[Crim. No. 7684.   Second Dist., Div. Three.   Feb. 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN WILLIAM McCAIN, Defendant and Appellant.

Gladys Towles Root and Eugene V. McPherson for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—In a jury trial in which he was represented by private counsel, John William McCain was convicted of violation of section 288 of the Penal Code. His accuser was a boy 11 years of age. His testimony was that the offense was committed in a restroom of a church in Long Beach. After

the verdict was returned, a probation officer's report was ordered and physicians were appointed under section 5504 of the Welfare and Institutions Code to examine the defendant. Defendant made a motion for new trial, which was denied. Thereafter evidence was received and the court adjudged defendant to be a sexual psychopath and he was committed to Atascadero for observation and diagnosis for a period of not to exceed 90 days. It appears in the clerk's minutes that the doctors who examined defendant in the present case had also examined him in another case in which, according to the record, defendant had been convicted of another offense of violation of section 288, and the written reports of the physicians in each case were considered by the court in the present case in reaching the conclusion that the defendant is a sexual psychopath within chapter 4 of part 1, division VI of the Welfare and Institutions Code. The appeal is noticed from the judgment and the order denying the motion for new trial and the order committing defendant for sexual psychopathy.

During the trial there were reciprocal motions for orders permitting pretrial discovery and inspection, both of which were granted and complied with.

The grounds on appeal are (1) insufficiency of the evidence to justify the verdict, (2) the court erred in its order for pretrial inspection of documents, in failing to instruct on circumstantial evidence and in its rulings on the admission of evidence. It is urged further that the court erred in refusing to indicate what its ruling would be if the defendant took the stand and should be asked whether he had suffered a prior felony conviction. We have concluded that the evidence was sufficient to justify the verdict and that none of the other points urged for reversal is well founded.

With respect to the sufficiency of the evidence it is not contended that the boy was unintelligent or that his testimony was uncertain or contradictory in any material respect. He testified that while he was attending church service with his mother he asked to go to the washroom, on the way was accosted by defendant, who took him to a washroom in the pastor's study and there committed acts upon his person which would constitute the offense charged. The boy ran away, returned to his mother, appeared greatly disturbed and upset and made a complaint to his mother. Later he identified a photograph of defendant, which was shown to him with a number of others by the police, and he identified him at the

trial. Although the boy testified explicitly and circumstantially to the acts constituting the offense, he was not cross-examined with respect to the same. Defendant did not testify. Consequently the testimony of the boy as to the commission of the acts he described stood without contradiction. There was evidence of other witnesses that defendant was employed by the church to assist in the operation of a loudspeaker system and that he was present in the church at the time the offense was claimed to have been committed. There were only minor inaccuracies in the testimony of the boy. He gave a description of the man he was accusing as being about 35 years old, weighing about 250 pounds, stocky, with black hair, wore glasses and was wearing a gray suit. Defendant is only 28 years old, but the boy's description was not shown to be erroneous in any other particular.

It is also contended that the boy was coached by his mother and by a deputy district attorney with respect to the testimony he had given at the preliminary examination and that to be given upon the trial. There is nothing in the record which indicates that anything was discussed other than the facts to which the boy had already testified. He was asked what he had been told by the prosecutor and replied: ''When I got mixed up, you had that paper and when I get mixed up you would tell me what I said before and tell me what would happen. When I made a mistake you had that piece of paper that had the things on it I said before and when I had forgotten what happened you kind of reminded me with this piece of paper that had those things on it that I said.'' He also testified that he was given the transcript to read and found in his testimony all the matters mentioned by the deputy. There was nothing improper in reviewing with him the testimony that he had given at the preliminary examination, and in permitting him to read from the transcript excerpts from the testimony that he had given. It would have been careless of the prosecutor to put the young witness on the stand again without giving him an opportunity to refresh his recollection of his former testimony. His testimony as a whole was consistent and unequivocal. No reason was shown why it should not be given full credit by the jury, and if it was believed, it left no doubt as to the guilt of the defendant.

It is contended that the order of the court requiring defendant to submit documentary evidence for the inspection of the district attorney was in violation of his right against self-

incrimination under the Fifth and Fourteenth Amendments of the Constitution of the United States, article I, section 13 of the Constitution of California and section 688 of the Penal Code.

During the trial of the case, after reciprocal motions for discovery had been made and granted, McCain sought prohibition against further proceedings except dismissal of the information. The facts now relied upon to show violation of defendant's constitutional rights are stated in *McCain* v. *Superior Court*, 184 Cal.App.2d 813 [7 Cal.Rptr. 841]. The writ was denied upon the ground that defendant had complied with the order by submitting the report of an investigator and five photographs without claiming the privilege prior to the making of the order and compliance therewith, and that defendant had waived the claim of privilege by the statement of his attorney ''[t]he defendant is here and ready to submit to whatever orders your Honor makes.'' Although the defendant's attorney afterward registered an objection to the procedure it was held that the objection came too late and after the order had already been executed.

The facts and the question of law before us being the same as those in the former case, the decision rendered therein is the law of the case and is not subject to review. (*Sheets* v. *Southern Pac. Co.*, 1 Cal.2d 408 [35 P.2d 121].)

The next point to be considered is that the court declined to give defendant's requested instruction on circumstantial evidence and an instruction that as between two reasonable opposing conclusions to be drawn from the evidence the one consistent with defendant's innocence should be adopted.

There was no error. The case of the People did not rest upon circumstantial evidence, to a substantial or even appreciable extent. The evidence of defendant's guilt consisted of the testimony of the boy. The fact that defendant was on the premises at the time, and the fact that the boy made complaint to his mother were only incidental circumstances which had no weight as evidence of defendant's guilt except as they corroborated to an insignificant degree the testimony of the boy. Defendant has not called our attention to proof of any circumstance which added any weight to the direct evidence.

On redirect examination the boy was asked what he had told his mother in making his complaint. The question was objected to and the objection was overruled. It should have been sustained. It is not proper to prove what was said

in registering a complaint of a recent event and the evidence should be limited to the mere fact that a complaint was made. However, in the present case the error was not prejudicial.

In the cross-examination of the boy's mother, she was asked when the boy made the complaint to her whether he said that the man who had bothered him appeared to be a drunk man. She answered that he said there was a man who bothered him and that he thought he was drunk. On further cross-examination she testified that the boy had told one of the officers the man was about 35 and weighed about 250 pounds. In answer to the prosecutor's question as to what he told his mother the boy answered: "I said—I think I said a man bothered me. I think he was drunk." This was no more than was developed in the cross-examination of the boy's mother.

█ It is contended further that the court committed error in declining to state how it would rule if the defendant should take the stand and be questioned whether he had suffered a previous conviction of felony. Defendant's attorney stated to the court that within the past week or 10 days defendant had been convicted of the same kind of offense in another department of the court and that a motion for new trial was then pending. It was stated by defendant's attorney in chambers that in a former discussion in chambers, after reviewing the cases, the judge "indicated" that if defendant took the stand he would allow the question by the prosecutor for impeachment purposes. Not satisfied with the court's expression of its intention, defendant's attorney moved in chambers that the court make a ruling on the point, which the court declined to do unless the defendant should take the stand and it became necessary to make a formal ruling. It is argued that the court should have ruled on the question before it was asked in order that the attorney could advise his client whether he should take the stand. We find no error in the procedure. It appears that the court had sufficiently indicated its view that the conviction of the defendant could be shown in his cross-examination, even though a new trial in the former case was pending. It seems to us that when the court had examined the law and expressed the view that defendant could properly be asked on cross-examination if he had suffered a former conviction, the court was indulgent and more than fair in its consideration of the request made by defendant's attorney. █ It was for the attorney to decide whether defendant should testify and since he elected not to put him on the stand, we can only assure

him that he should not now question the soundness of his judgment.

There are no other points which call for particular attention. The judgment and the orders appealed from are affirmed.

Ford, J., and Frampton, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 28, 1962.

*Assigned by Chairman of Judicial Council.