Chief Judge Fuld.
In this article 78 proceeding, the petitioner seeks.reinstatement as a patrolman in the New York City Police Department, claiming that he was dismissed solely for refusing to waive his privilege against self incrimination and that it was *229 unconstitutional for the Police Commissioner to discharge him on that ground. In August of 1965, a New York County Grand Jury was investigating accusations of bribery and corruption of police officers in connection with illicit gambling operations. The petitioner, then under departmental charges, was subpoenaed to appear before the grand jury. After being advised of the investigation and that the grand jury desired to question him concerning the performance of his official duties, he was requested to sign a limited waiver of immunity — “ to waive immunity from prosecution ’ ’ for any misconduct in office disclosed by his testimony — as provided in section 1123 of the New York City Charter. (See, also, N. Y. Const., art. I, § 6.)[1] The petitioner was also informed that, under both the Charter and the Constitution, he was required to sign the waiver and that, if he refused to do so, he would be discharged from his position as a police officer. He refused to execute the waiver and, following an administrative hearing, was dismissed from the force.
It is clear, and was so understood by the petitioner, that section 1123 of the Charter required him, as a condition of his continued employment by the police department, to waive his constitutional privilege against self incrimination and to answer questions regarding the conduct of his office and the performance of his official duties. Such provisions have been upheld in the *230 past (see, e.g., Nelson v. Los Angeles County, 362 U. S, 1) and, although the Supreme Court has indicated that the question may still be an open one (see Spevack v. Klein, 385 U. S. 511, 516, n. 3; Stevens v. Marks, 383 U. S. 234, 243), we find no constitutional defect in the statute as it applies to this petitioner.
In Garrity v. New Jersey (385 U. S. 493, 499), the Supreme Court, deciding that the government may not use ‘ the threat of discharge to secure incriminatory evidence ” against a public employee, held that a police officer could not be compelled to waive his constitutional privilege against self incrimination by threats that he would otherwise be removed from office. The testimony obtained under such circumstances was ruled to be inadmissible in subsequent criminal proceedings brought against him. This decision undoubtedly had the effect of partially invalidating section 1123 of the New York City Charter as well as section 6 of article I of the New York Constitution. But nothing decided in the Garrity case bears on the issue in the present case. If the petitioner before us had executed the waiver required by section 1123 and then testified about misconduct in office, his testimony, though inadmissible in a criminal prosecution, would, nevertheless, have furnished sufficient cause to justify his dismissal from the police force. (Cf. Ullmann v. United States, 350 U. S. 422, 430-431.)
In point of fact, the petitioner did not execute the waiver and stood on his constitutional privilege against self incrimination when notified that he was to be questioned about malfeasance as a police officer. Such information patently bore upon his fitness to remain in office, information which the public had a right to know and the petitioner was under a duty to reveal. His refusal to speak on the subject constituted “ employee insubordination for failure to give information which * * * the State has a legitimate interest in securing (Nelson v. Los Angeles County, 362 U. S. 1, 7, supra; see Spevack v. Klein, 385 U. S. 511, 519, supra [per Fortas, J., concurring]), and, consequently, he was properly dismissed from the police force. (See Canteline v. McClellan, 282 N. Y. 166; Christal v. Police Comm. of San Francisco, 33 Cal. App. 2d 564; Cunningham v. Civil Serv. Comm., 48 Hawaii 278; Fallon v. New Orleans Police Dept., 238 La. 531; Souder v. Philadelphia, 305 Pa. 1.) Although people in public office and on the public payroll may not be *231 compelled to surrender their constitutional privilege against self incrimination (see Garrity v. New Jersey, 385 U. S. 493, supra), they have no constitutional right to remain in office when they refuse to discuss with frankness and candor whether they have faithfully performed their duties.
In Spevack v. Klein (385 U. S. 511, supra), the Supreme Court held that an attorney could not be compelled, upon pain of disbarment, to waive his privilege against self incrimination and testify about his professional conduct. ’ (See, also, Matter of Cohen, 7 N Y 2d 488, 498 [dissenting opn.].) However, a lawyer, though licensed by the State — like a doctor, barber or chauffeur — is not, as Mr. Justice Fortas pointed out in his concurring opinion in the Spevach case (385 U. S., at p. 520), “ an employee of the State. He does not have the responsibility of an employee to account to the State for his actions ”. The petitioner, however, did have such a responsibility and his refusal to carry out that responsibility rendered him subject to removal from his position of public trust and confidence.
The order appealed from should be affirmed, without costs.
Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Order affirmed.

. Section 1123 of the City Charter provides, in part, that, if any employee of the city “shall “ ** ’ wilfully refuse or fail to appear before * * * any officer, board or body authorized to conduct any hearing or inquiry, or having appeared shall refuse to testify or to answer any question regarding * * * official conduct of any officer or employee of the city or of any * * * county, on the ground that his answer would tend to incriminate him, or shall refuse to waive immunity from prosecution on account of any such matter in relation to which he may be asked to testify upon any such hearing or inquiry, his term or tenure of office or employment shall terminate and such office or employment shall be vacant”.
And section 6 of article I of the State Constitution declares, insofar as relevant, that “ No person shall * * * be compelled in any criminal case to be a witness against himself, providing, that any public officer who, upon being called before a grand jury to testify concerning the conduct of his * * * office * * or the performance of his official duties * * ”, refuses to sign a waiver of immunity against subsequent criminal prosecution, or to answer any relevant question concerning such matters before such grand jury, shall by virtue of such refusal, * *" * be removed from his * * * office by the appropriate authority”.