Eugene C. ROMER, Plaintiff,

v.

Howard R. LEARY, as Police Commissioner of the City of New York, and the City of New York, Defendants.

No. 68 Civ. 4265.

United States District Court
S. D. New York.

Oct. 16, 1969.

---

Schneider & Kaufman, by Peter Schneider, New York City, for plaintiff.

J. Lee Rankin, Corp. Counsel for the City of New York, by George H. Parker, Asst. Corp. Counsel, for defendants.

CANNELLA, District Judge.

Defendants' motion to dismiss this action pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure is granted. Plaintiff's cross-motion for summary judgment pursuant to Rules 12(b) and 56 is denied.

The plaintiff, a former New York City police officer, brought this action on October 29, 1968 against the present Police Commissioner of the City of New York, Howard R. Leary, and the City of New York under the Civil Rights Act, 42 U.S.C. § 1983, praying for an order directing the defendants to restore the plaintiff to his former employment with full back pay to the date of his dismissal and also to restore to him as of the date of dismissal all of his benefits and privileges. Jurisdiction of this court is based on sections 1331 and 1343 of Title 28, U.S.C. The plaintiff further prays for a declaratory judgment

that section 1123 of the New York City Charter[1] is unconstitutional.[2]

While a member of the Police Department in August, 1963, the plaintiff became involved in an investigation conducted by the Commissioner's Investigation Unit. He was subsequently directed to appear and give testimony before the New York County grand jury. Upon appearing before the grand jury on September 23, 1963, the plaintiff was asked to sign a waiver of immunity prior to testifying. He refused to sign the waiver, asserting his privilege against self-incrimination, whereupon he was forthwith dismissed from the Police Department by Michael J. Murphy, who was Commissioner at the time.

The defendants moved to dismiss this action on the grounds that it is barred by the applicable statute of limitations and that an action does not lie against a municipal corporation under section 1983 of Title 42, U.S.C.[3]

There is no federal statute of limitations applicable to actions under section 1983. In view of this, the Court of Appeals for the Second Circuit has ruled that, in these actions, "the applicable period of limitations is that which New York would enforce had an action seeking similar relief been brought in a court of that state." Swan v. Board of Higher Education of the City of New York, 319 F.2d 56, 59 (2d Cir. 1963). The plaintiff characterizes his action as equitable and argues that the court should apply its "own principles"[4] regarding the period of limitations. In seeking a comparable New York period, he refers the court to section 213(1) of the New York Civil Practice Law and Rules (CPLR) which specifies a six year limitation for "an action for which no limitation is specifically prescribed by law."

Under section 1983 of Title 42, the plaintiff need not have first sought relief in a state court before bringing his action here.[5] However, had he done so, the court finds that, in view of the facts and questions raised

1. Section 1123 provides:

   Failure to testify. If any councilman or other officer or employee of the city shall, after lawful notice or process, wilfully refuse or fail to appear before any court or judge, any legislative committee, or any officer, board or body authorized to conduct any hearing or inquiry, or having appeared shall refuse to testify or to answer any question regarding the property, government or affairs of the city or of any county included within its territorial limits, or regarding the nomination, election, appointment or official conduct of any officer or employee of the city or of any such county, on the ground that his answer would tend to incriminate him, or shall refuse to waive immunity from prosecution on account of any such matter in relation to which he may be asked to testify upon such hearing or inquiry, his term or tenure of office or employment shall terminate and such office or employment shall be vacant, and he shall not be eligible to election or appointment to any office or employment under the city or any agency.

2. Plaintiff alleges that section 1123 of the City Charter violates his privilege against self-incrimination guaranteed by the Fifth Amendment to the Constitution of the United States, as incorporated in the Fourteenth Amendment to the Constitution, and his privileges and immunities and rights to due process and equal protection guaranteed by section 1 of the Fourteenth Amendment.

3. In granting the motion to dismiss on the grounds that the applicable statute of limitations bars this action, the court does not consider itself required to rule on the City of New York's particular defense. Nevertheless, the court points out that the United States Supreme Court's decisions in Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961), and Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), clearly indicate that a municipal corporation is not a "person" within the meaning of section 1983 of Title 42. See especially 365 U.S. at 187–192, 81 S.Ct. 473.

4. Plaintiff's Answering Memorandum of Law, p. 4.

5. See Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473 (1961).

here, his appropriate remedy would have been by way of Article 78 of the CPLR.[6] Section 217 of the CPLR provides that such a "proceeding against a body or officer must be commenced *within four months* after the determination to be reviewed becomes final and binding" upon the plaintiff. (emphasis added) The binding date in this case was September 23, 1963. In view of the dictate of *Swan*, supra, the plaintiff therefore should have brought *this* action within four months thereafter and was barred from bringing it in October, 1968.

The court is aware that actions under the Civil Rights Act sometimes exceed the scope of Article 78. See, e. g., Wright v. McMann, 387 F.2d 519, 524 (2d Cir. 1967). The plaintiff emphasizes the fact that he is seeking not only reinstatement, but also a declaratory judgment. He cites several New York decisions which indicate that although the question of the constitutionality of administrative actions or

statutes may be properly raised in an Article 78 proceeding, an action for a declaratory judgment is an alternative, independent means [7] of determining constitutionality.[8] Be that as it may, this court may in its discretion decline to exercise its jurisdiction to grant declaratory relief. See Dr. Beck and Co., G. M. B. H. v. General Electric Company, 317 F.2d 538, 539 (2d Cir. 1963); Lebowich v. O'Connor, 309 F.2d 111, 112 (2d Cir. 1962). The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Zemel v. Rusk, 381 U.S. 1, 19, 85 S.Ct. 1271, 1282, 14 L.Ed. 2d 179 (1965).[9] There must be a real issue before this court will grant declaratory relief. Cf. Public Service Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 242–243, 73 S.Ct. 236, 97 L.Ed. 291 (1952). The plaintiff relies on the recent decision in *Gardner v. Broderick*, 392 U.S. 273, 88 S.Ct. 1913 (1968). The issue in that case was precisely the one

---

6. §§ 7801–06. For the questions which may be raised in a proceeding under this article, see § 7803.

   The plaintiff relies on the recent decision in Gardner v. Broderick, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968). In that case, the policeman, who had been similarly dismissed under section 1123 of the City Charter, sought relief under Article 78 in the state courts. See Matter of Gardner v. Broderick, 20 N.Y.2d 227, 228, 282 N.Y.S.2d 487, 488, 229 N.E.2d 184, 185 (1967).

7. In Rock Hill Sewerage Disposal Corp. v. Town of Thompson, 27 A.D.2d 626, 276 N.Y.S.2d 188 (1966), the court disposed of defendant's Article 78—four month statute of limitations argument in the following manner:

   The defendant contends that plaintiff's action is barred by the Statute of Limitations under CPLR 217. * * * The four months' limitation * * * applies to proceedings under Article 78. However, Article 78 is not the only means available for the review of the constitutionality of governmental action. Declaratory judgment constitutes an alternative remedy. * * * The present action is governed by CPLR 213(1), limiting the action to

six years. 27 A.D.2d at 627, 276 N. Y.S.2d at 190.

8. In Janks v. City of Syracuse, 47 Misc. 2d 718, 263 N.Y.S.2d 227 (Sup.Ct.1965), the court pointed out:

   One of the petitioner's contentions is that the Housing Code of the City of Syracuse is unconstitutional. This question cannot be determined in an Article 78 proceeding for the reason that CPLR 7803 specifies what questions can be raised in any proceeding brought pursuant thereto, and no provision is made for the determination of the constitutionality of a statute or ordinance therein. Furthermore, it has been held that the proper way to raise the question of constitutionality of a statute or an ordinance is by way of a separate action or proceeding. 47 Misc.2d at 720, 263 N.Y.S.2d at 229.

9. See Public Affairs Press v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed. 2d 604 (1962); Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 331, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961); Public Service Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952).

raised by the plaintiff here:[10] Whether the City of New York can discharge an officer for refusing to waive a right which the Constitution guarantees to him. See 392 U.S. at 277, 88 S.Ct. at 1915. A careful reading of *Gardner* leads to the unmistakable conclusion that the Supreme Court declared the waiver of immunity clause of section 1123 unconstitutional as it was applied to Gardner even though the Court's actual words were "cannot stand."[11] 392 U.S. at 279, 88 S.Ct. at 1917. In view of the fact that the plaintiff here was dismissed in all but the same manner under section 1123, this court finds his declaratory judgment question to be moot. The plaintiff, however, apparently seeks to have this court declare the entire section 1123 unconstitutional.[12] Not only was the Supreme Court careful not to do this in *Gardner* and the companion case of *Uniformed Sanitation Men Assn. v. Commissioner of Sanitation of the City of New York*,[13] 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1082 (1968), but the plaintiff fails to present to the court an actual controversy with regard to the rest of section 1123. "For an issue to be justiciable it must be definite and concrete, must touch the legal relations of the parties, and must be subject to a judicial grant of a specific relief through a court decree of a conclusive character." Leb-

owich v. O'Connor, 309 F.2d at 114. This court, while empowered to declare a municipal ordinance unconstitutional,[14] will not render what in reality would be an advisory opinion.

The power of a New York court to render a declaratory judgment does not include the power to decide a moot case. See, e.g., New York Foreign Trade Zone Operators, Inc. v. State Liquor Authority, 285 N.Y. 272, 276, 34 N.E.2d 316, 319 (1941). See generally 3 Weinstein, Korn & Miller, New York Civil Practice §§ 3001.03, 3001.05. It seems highly unlikely that, had the plaintiff sought relief in a New York court instead of here at the same time (i.e. October 29, 1968, after the *Gardner* decision had been rendered), the court in its discretion would have entertained his declaratory judgment action. The conclusion this court adopts, and the one which a state court would undoubtedly adopt, is that the only relief not yet granted in the plaintiff's case is reinstatement, which generally is effected through Article 78 proceedings with a four month period of limitations.

In view of the foregoing, this court grants defendants' motion to dismiss and denies plaintiff's cross-motion for summary judgment.

So ordered.

---

10. The only noteworthy differences between *Gardner v. Broderick* and the instant case are the facts that Gardner was given an administrative hearing and then was discharged and that he first sought relief in the state courts under Article 78.

11. Cf. Note, *Investigation of Public Employees*, 82 Harv.L.Rev. 203, 205, n. 8 (1968).

12. Plaintiff summarizes, in part, the relief he seeks as "a judgment * * * declaring unconstitutional Section 1123 of the New York City Charter which mandates the dismissal of a city employee for his refusal to waive his privilege against self-incrimination." Plaintiff's Answering Memorandum of Law, p. 1. What the plaintiff seemingly over-

looks is that section 1123 contains grounds for dismissal other than refusal to waive immunity. The court interprets the wording of his request as calling for a declaration that all of section 1123 is unconstitutional.

13. There is a dictum in both decisions indicating that if the City had required the employees to answer questions "specifically, directly, and narrowly relating to the performance of * * * official duties", without being required to waive immunity, the privilege against self-incrimination would not have been a bar to dismissal. See 39 U.S. at 278, 284, 88 S.Ct. at 1916, 1920.

14. See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 152–155, 83 S.Ct. 554, 9 L.Ed. 2d 644 (1963).